# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 10/19/2015

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/19/2015 1:34:20 PM
CHRISTOPHER A. PRINE
Clerk

**NOTICE OF APPEALS
ASSIGNMENT OF COURT OF APPEALS**

TO:        1ST COURT OF APPEALS

From:        **Deputy Clerk: IRMA MEDINA
Chris Daniel, District Clerk
Harris County, T E X A S**

**CAUSE:**        2014-31312

**VOLUME** _____        **PAGE** _____        **OR**        **IMAGE #** 67496111

**DUE** 12/15/2016        **ATTORNEY** 24010071

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE ORDER SIGNED:** 7/20/2015

**MOTION FOR NEW TRIAL FILED:** 8/17/2015

**REQUEST TRANSCRIPT DATE FILED**        N/A

**NOTICE OF APPEAL DATE FILED**        10/16/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED:  YES** ☐  **NO** ☒  **IMAGED FILED:  YES** ☒  **NO** ☐

**CODES FOR NOTICE OF APPEAL:** BC, C

CHRIS DANIEL
Harris County, District Clerk

By:  /s/IRMA MEDINA
        **IRMA MEDINA, Deputy**

BC        NOTICE OF APPEAL FILED
BG        NOTICE OF APPEAL FILED – GOVERNMENT
C        JUDGMENT BEING APPEALED
D -        ACCELERATED APPEAL
OA        NO CLERK'S RECORD REQUEST FILED
O        CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA        AMENDED NOTICE OF APPEAL

CAUSE NO. 2014-31312

| | | |
|---|---|---|
| ROSE GUIDRY KINSEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 164TH JUDICIAL DISTRICT |
| | § | |
| ANGEL MORTGAGE INCOME | § | |
| RESOURCES AND | § | |
| PRESTON JULIAN | § | HARRIS COUNTY, TEXAS |

## DEFENDANTS' NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, Angel Mortgage Income Resources and Preston Julian (collectively hereinafter referred to as "Defendants"), who file this Notice of Appeal. Notice is hereby given that Defendants, seeks to alter the trial court's Final Summary Judgment and Order Signed Awarding Attorney's Fees.

1. The trial court, cause number, and style of this case are shown in the caption above.

2. The Final Summary Judgment and Order Signed Awarding Attorney's Fees was signed on July 20, 2015.

3. Defendants filed a Motion for New Trial and Reconsideration on August 17, 2015 extending the time to perfect an appeal until October 18, 2015.

4. The Motion for New Trial and Reconsideration was denied by rule of law.

5. Defendants desires to appeal all portions of the Judgment and award of attorney's fees.

6. This appeal is being taken to either the First Court of Appeals or the Fourteenth Court of Appeals, in Houston, Texas.

Respectfully submitted,


 /S/ James A. Gray III_____
James A. Gray III
TBA No. 2410071
6302 Drayton Hall
Missouri City, Texas 77459
Tel: (713) 598-0688
Fax: (800) 524-4102
**Counsel for Defendants**
**ANGEL MORTGAGE INCOME RESOURCES**
**AND PRESTON JULIAN**


## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2015, a true and correct copy of the foregoing instrument was served on all counsel and parties pursuant to the Texas Rules of Civil Procedure by facsimile and/or electronic service, as follows:

Marie Jamison
WRIGHT & CLOSE, L.L.P.
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
jamison@wrightclose.com
**Counsel for Plaintiff**


 /S/ James A. Gray III_____
James A. Gray III

CAUSE NO. 2014-31312

| | | |
|---|---|---|
| ROSE GUIDRY KINSEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | 164TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ANGEL MORTGAGE INCOME | § | |
| RESOURCES AND | § | |
| PRESTON JULIAN | § | HARRIS COUNTY, TEXAS |

### DEFENDANTS ANGEL MORTGAGE INCOME RESOURCES AND PRESTON JULIAN'S MOTION FOR RECONSIDERATION AND NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Angel Mortgage Income Resources and Preston Julian (collectively hereinafter referred to as "Defendants"), who file this Motion for Reconsideration and New Trial and in support thereof, respectfully show this Court as follows:

## I.   BACKGROUND

Plaintiff Rose Guidry Kinsey (hereinafter referred to as "Plaintiff") brought suit against Defendants asserting breach of contract and seeking a declaratory judgment. In December of 2014, Plaintiff filed a Motion for Summary Judgment claiming there were no issues of material fact and that she was entitled to judgment as a matter of law on her breach of contract and declaratory judgment claims. This Court granted Plaintiff's motion and entered an Order for Interlocutory Summary Judgment on January 16, 2015. On March 5, 2015, Plaintiff filed a Motion for Summary Judgment seeking reasonable and necessary attorneys' fees as well as costs and expenses.

Defendants now file this Motion for Reconsideration and New Trial because this Court entered an Order as to Plaintiff's breach of contract claim without requiring that Plaintiff prove all elements of her claim. Additionally, this Court entered an Order as to Plaintiff's attorneys' fees; however, Plaintiff is not entitled to attorneys' fees. Accordingly, Defendants move for reconsideration of this Court's prior Orders and respectfully request the Court consider the following:

## II.  MOTION FOR RECONSIDERATION AND NEW TRIAL

**1.  Plaintiff failed to establish all elements as to her breach of contract claim.**

On December 19, 2014, Plaintiff filed a Motion for Summary Judgment asserting a breach of contract and seeking a declaratory judgment as to a dispute regarding the percentage of interest to be charged under a note held by Defendants. Defendants responded to Plaintiff's motion by showing that Plaintiff failed to establish the element of damages under her breach of contract claim and therefore, could not succeed on her Motion for Summary Judgment. The basis of Defendants' argument was that the only monetary losses, if any, suffered by Plaintiff were the attorneys' fees she incurred in bringing suit; a choice she made and, expenses she chose to incur without suffering any other damages. But what Plaintiff fails to acknowledge is that attorneys' fees alone are not sufficient to support the element of damages under a breach of contract claim because the damages must be caused by the defendant's breach of the contract, not the investigation, filing and prosecution of a lawsuit.[1] Plaintiff failed to establish any damages.

---

[1] *B&W Sup. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Because evidence of damages is necessary to support a finding for breach of contract and Plaintiff failed to establish such damages, this Court was without the necessary evidence to enter a judgment against Defendants.

Even if Plaintiff did establish some evidence of damages—which Defendants vehemently deny—Plaintiff failed to prove that Defendants' alleged breach caused such damages. As such, Defendants request that this Court vacate its Order granting Plaintiff's Motion for Summary Judgment and grant a new trial regarding the same.

**2. Attorneys' fees cannot be awarded against a partnership under Chapter 38 of the Texas Civil Practice and Remedies Code.**

On March 5, 2015, Plaintiff filed a Motion for Summary Judgment as to her attorneys' fees. The Court entered an Order granting Plaintiff's fees; however, Plaintiff was not entitled to recover such fees. Not only did Plaintiff fail to establish all elements of her breach of contract claim, but even if Plaintiff were able to—which she cannot— under the relied upon statute, attorneys' fees cannot be awarded against a partnership, nor, therefore, against an entity sued in its capacity only as a partner. Specifically, partnerships are not subject to the fee-shifting scheme under Chapter 38 of the Texas Civil Practice and Remedies Code. The legislature included "individuals" and "corporations," but not partnerships; therefore, such an award by the Court against a partnership, is improper. As such, Defendants respectfully requests that this Court reconsider its prior Order awarding Plaintiff's attorneys' fees and vacate the same.

**3. Plaintiff is not entitled to attorneys' fees under the Declaratory Judgment Act.**

Plaintiff was not entitled to an award of attorneys' fees under her breach of contract claim, as explained above; therefore, Plaintiff cannot use the Declaratory Judgment Act to recover otherwise unrecoverable fees.

Plaintiff's Motion for Summary Judgment as to attorneys' fees was heard on July 17, 2015—despite her failure to prove damages under her breach of contract claim. In addition to a lack of damages, Plaintiff was not entitled to recover attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code because such statute does not allow recovery against partnerships. Nonetheless, Plaintiff was awarded attorneys' fees under the Declaratory Judgment Act. Such award is improper and Texas law supports the assertion that the outcome reached on July 17, 2015, was the wrong result. Specifically, the prevailing jurisprudence of *MBM Financial* held that ***"when a claim for declaratory relief is merely tacked onto a standard suit based on a matured breach of contract, allowing fees under Chapter 37 would frustrate the limits Chapter 38 imposes on such fee recoveries.***[2] [Further], granting fees under Chapter 37 when they are not permitted under the specific common-law or statutory claims involved would violate the rule that specific provisions should prevail over general ones.[3] While the Legislature intended the Act to be remedial, it did not intend to supplant all other statutes and remedies."[4]

Because Plaintiff could not recover fees against Defendants under Chapter 38 of the Texas Civil Practice and Remedies Code, it follows that she cannot recover fees under the

---

[2] *MBM Financial v. Woodlands Operating Co.*, 292 S.W.3d 660 (Tex. 2009) (emphasis added).

[3] *Id.*

[4] *Id.*

Declaratory Judgment Act because her declaratory judgment claim was merely tacked on to her breach of contract claim—making an award of attorneys' fees improper.

**4.      The Order entered by the Court does not reflect the ruling made on July 17, 2015.**

During the July 17, 2015, hearing on Plaintiff's Motion for Summary Judgment as to attorneys' fees, the Court ruled in favor of Plaintiff. However, the basis of the Court's ruling is not reflected in the Order entered. Specifically, following the hearing, Plaintiff's counsel drafted the Order. Defendants' counsel immediately objected to the Order via email correspondence. Plaintiffs' counsel refused to acknowledge Defendants' objections. The Court signed the Order, which was not agreed to by Defendants. In addition to being opposed to the form of the Order, Defendants objected to the contents of the Order, as the contents did not accurately reflect the reasons and ruling of the Court from the bench. As a result, Defendants move for reconsideration of this Court's Order and additionally request that such Order is vacated.

### III.   CONCLUSION

Defendants respectfully request that this Court consider its Motion for Reconsideration and New Trial because Plaintiff failed to establish her claim for breach of contract by failing to prove the element of damages; therefore, Plaintiff's Motion for Summary Judgment should not have been granted. And, even if Plaintiff's Motion for Summary Judgment was properly granted—which Defendants deny—Plaintiff was not entitled to recover attorneys' fees under Chapter 38 of the Texas Civil Practice and

Remedies Code. Because attorneys' fees under Plaintiff's breach of contract claim are unpermitted under the statute, Plaintiff should not have recovered her attorneys' fees under the Declaratory Judgment Act. Lastly, the Order entered by the Court does not reflect the reasons and rulings of the Court in the July 17, 2015, hearing, and as such, Defendants respectfully request this Court vacate it prior Order granting Plaintiff's Motion for Summary Judgment and further vacate its Order awarding attorneys' fees. Defendants further request a new trial on the merits.

## IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court grant its Motion for Reconsideration and New Trial, vacate its Order granting Plaintiff's Motion for Summary Judgment, vacate its Order awarding Plaintiff's attorneys' fees, and grant Defendants such other and further relief, both general and special, to which Defendants may show itself to be justly entitled.

Respectfully submitted,

*__/s/ James A. Gray III__*
James A. Gray III
TBA No. 2410071
6302 Drayton Hall
Missouri City, Texas 77459
Tel: (713) 598-0688
Fax: (800) 524-4102
**Counsel for DEFENDANTS
ANGEL MORTGAGE INCOME
RESOURCES AND PRESTON
JULIAN**

## CERTIFICATE OF CONFERENCE

This is to certify that on the 17th day of August, 2015, the undersigned conferred with the offices of Plaintiff's counsel and we were unable to reach an agreement on this motion.

*/s/ James A. Gray III*
James A. Gray III

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2015, a true and correct copy of the foregoing instrument was served on all counsel and parties pursuant to the Texas Rules of Civil Procedure by facsimile and/or electronic service, as follows:

Marie Jamison
WRIGHT & CLOSE, L.L.P.
One Riverway, Suite 2200
Houston, Texas  77056
Telephone:  (713) 572-4321
Facsimile:  (713) 572-4320
jamison@wrightclose.com
**Counsel for Plaintiff**

*/s/ James A. Gray III*
James A. Gray III

7/17/2015 12:07:33 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6113733
By: WILLIAMS, CHANDA D
Filed: 7/17/2015 12:07:33 PM

CAUSE NO. 2014-31312

| | | |
|---|---|---|
| ROSE GUIDRY KINSEY, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ANGEL MORTGAGE INCOME | § | |
| RESOURCES AND PRESTON JULIAN, | § | |
| *Defendants.* | § | 164TH JUDICIAL DISTRICT |

## FINAL SUMMARY JUDGMENT

On December 19, 2014, Plaintiff Rose Guidry Kinsey moved for summary judgment against Defendants Angel Mortgage Income Resources ("Angel Mortgage"), and Preston Julian ("Julian") pursuant to Rule 166a(a) and asked that the Court find Defendants liable for breach of contract, declare that the proper interest rate on the note at issue in this case is 5%, and order Defendants to produce an accounting of the loan and payment history. At the summary judgment hearing, Plaintiff appeared through her attorney, Marie Jamison. Defendants appeared at the hearing through their attorney of record, Joel Flowers. After considering Plaintiff's Traditional Motion for Summary Judgment, the responses and replies, evidence on file, the pleadings, and argument of counsel, the Court granted Plaintiff's Traditional Motion for Summary Judgment in its entirety and signed an order on January 16, 2015 memorializing the ruling.

In accordance with the Court's January 16, 2015 summary judgment ruling, the Court finds that Defendants have breached the modified note at issue in this case by charging an incorrect interest rate. The Court **DECLARES** that the February 2005 modified note that is subject of this cause provides for and authorizes an interest rate of

5% per annum. Five percent is the controlling interest rate for the note at issue in this case. The Court further orders Defendants to produce an accounting of the loan and payment history of the subject note through 2014 to Kinsey within 7 days of this judgment.

On March 5, 2015, Plaintiff filed a Motion for Final Summary Judgment, asking that the Court award reasonable and necessary attorneys' fees in the amount of $30,577.50, expenses in the amount of $1,800.34, and court costs. Plaintiff further requested appellate attorneys' fees in the amount of $36,375.00. Plaintiff supplemented her Motion for Final Summary Judgment with additional incurred fees and expenses in the amount of $3,408.10 and also requested an additional $2,250 to prepare for and attend the summary judgment hearing on the Motion for Final Summary Judgment. On April 7, 2015, Plaintiff requested leave of court to file supplemental evidence and a Reply in Support of the Motion for Final Summary Judgment.

After considering Plaintiff's Motion for Final Summary Judgment and supplement thereto, Plaintiff's Motion for Leave of Court to file supplemental evidence and a Reply, the evidence on file (including Plaintiff's supplemental evidence), Plaintiff's Reply, the pleadings, and argument of counsel, the Court finds that Plaintiff's Motion for Leave to file supplemental evidence and a reply is with merit and is hereby **GRANTED**. The Court further finds that the Motion for Final Summary Judgment is with merit and should be **GRANTED**. It is therefore ORDERED that Plaintiff's Motion for Leave and Motion for Final Summary Judgment be, and are both, **GRANTED** in all respects.

The Court **RENDERS** judgment for Plaintiff Rose Guidry Kinsey.

2

Plaintiff's request for attorneys' fees is based on Chapter 38 and 39 of the Texas Civil Practice and Remedies Code. Plaintiff offered evidence by filing an affidavit proving reasonable and necessary attorneys' fees and expenses. The Court **ORDERS** that Plaintiff recover reasonable and necessary attorneys' fees from Defendants in the sum of $33,577.50, reasonable and necessary expenses in the amount of $2,208.44, and court costs, for a total amount of attorneys' fees and expenses of $35,785.94. The Court also awards Plaintiff $2,250.00 in the event there are post-judgment motions. Defendant Julian is personally liable for this judgment. The Court, accordingly, orders Defendants Angel Mortgage and Julian, jointly and severally, to pay Plaintiff these attorneys' fees.

The Court further awards Plaintiff appellate attorneys' fees in the amount of $17,250.00 if the case is appealed to an intermediate court of appeals and $19,125.00 if the case is appealed to the Supreme Court of Texas. Defendant Julian is personally liable for this judgment. The Court, accordingly, orders Defendants Angel Mortgage and Julian, jointly and severally, to pay Plaintiff these appellate attorneys' fees.

This judgment is final, disposes of all claims and parties in this cause, and is appealable.

The Court orders execution to issue for this Judgment.

Signed on _____, 2015.

Signed: _____
7/20/2015
PRESIDING JUDGE

3

# 7621 Touchstone Note History

| Day | Beginning Balance | Payment Made | Late Paymts | Fees | Escrow | Taxes/ Insurance | Interest Due | Interest Paid | Priniciple Paid | |
|---|---|---|---|---|---|---|---|---|---|---|
| Apr-09 | | | | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | |
| May-09 | $27,719.15 | 226.61 | | 0.00 | 0.00 | | 115.50 | 115.50 | 111.11 | $2 |
| Jun-09 | $27,608.04 | 226.61 | | 0.00 | 0.00 | | 115.03 | 115.03 | 111.58 | $2 |
| Jul-09 | $27,496.46 | 226.61 | | 0.00 | 0.00 | | 114.57 | 114.57 | 112.04 | $2 |
| Aug-09 | $27,384.42 | 226.61 | | 0.00 | 0.00 | | 114.10 | 114.10 | 112.51 | $2 |
| Sep-09 | $27,271.91 | 226.61 | | 0.00 | 0.00 | | 113.63 | 113.63 | 112.98 | $2 |
| Oct-09 | $27,158.93 | 226.61 | | 0.00 | 0.00 | | 113.16 | 113.16 | 113.45 | $2 |
| Nov-09 | $27,045.49 | 226.61 | | 0.00 | 0.00 | | 112.69 | 112.69 | 113.92 | $2 |
| Dec-09 | $26,931.56 | 226.61 | | 0.00 | 0.00 | | 112.21 | 112.21 | 114.40 | $2 |
| Jan-10 | $26,817.17 | 226.61 | 1.00 | 18.46 | 0.00 | | 111.74 | 111.74 | 96.41 | $2 |
| Feb-10 | $26,720.76 | 226.61 | | 0.00 | 0.00 | | 111.34 | 111.34 | 115.27 | $2 |
| Mar-10 | $26,605.48 | 226.61 | | 0.00 | 0.00 | | 110.86 | 110.86 | 115.75 | $2 |
| Apr-10 | $26,489.73 | 226.61 | | 0.00 | 0.00 | | 110.37 | 110.37 | 116.24 | $26 |
| May-10 | $26,373.49 | 296.61 | | 0.00 | 0.00 | | 109.89 | 109.89 | 186.72 | $26 |
| Jun-10 | $26,186.77 | 226.61 | | 0.00 | 0.00 | | 109.11 | 109.11 | 117.50 | $26 |
| Jul-10 | $26,069.27 | 296.61 | | 0.00 | 0.00 | | 108.62 | 108.62 | 187.99 | $25 |
| Aug-10 | $25,881.29 | 226.61 | | 0.00 | 0.00 | | 107.84 | 107.84 | 118.77 | $25 |
| Sep-10 | $25,762.51 | 296.61 | | 0.00 | 0.00 | | 107.34 | 107.34 | 189.27 | $25 |
| Oct-10 | $25,573.25 | 226.61 | | 0.00 | 0.00 | | 106.56 | 106.56 | 120.05 | $25 |
| Nov-10 | $25,453.19 | 226.61 | | 0.00 | 0.00 | | 106.05 | 106.05 | 120.56 | $25 |
| Dec-10 | $25,332.64 | 226.61 | | 0.00 | 0.00 | | 105.55 | 105.55 | 121.06 | $25 |
| Jan-11 | $25,211.58 | 226.61 | | 0.00 | 0.00 | | 105.05 | 105.05 | 121.56 | $25 |
| Feb-11 | $25,090.02 | 226.61 | | 0.00 | 0.00 | | 104.54 | 104.54 | 122.07 | $24 |
| Mar-11 | $24,967.95 | 453.22 | | 0.00 | 0.00 | | 104.03 | 104.03 | 349.19 | $24 |
| Apr-11 | $24,618.76 | | | 0.00 | 0.00 | | 102.58 | 0.00 | -102.58 | $24 |
| May-11 | $24,721.34 | 226.61 | | 0.00 | 0.00 | | 103.01 | 103.01 | 123.60 | $24 |
| Jun-11 | $24,597.74 | 226.61 | | 0.00 | 0.00 | | 102.49 | 102.49 | 124.12 | $24 |
| Jul-11 | $24,473.62 | 226.61 | | 0.00 | 0.00 | | 101.97 | 101.97 | 124.64 | $24 |
| Aug-11 | $24,348.98 | 226.61 | | 0.00 | 0.00 | | 101.45 | 101.45 | 125.16 | $24 |
| Sep-11 | $24,223.83 | 226.61 | | 0.00 | 0.00 | | 100.93 | 100.93 | 125.68 | $24 |
| Oct-11 | $24,098.15 | 226.61 | 1.00 | 18.46 | 0.00 | | 100.41 | 100.41 | 107.74 | $23 |
| Nov-11 | $23,990.41 | 226.61 | | 0.00 | 0.00 | | 99.96 | 99.96 | 126.65 | $23 |
| Dec-11 | $23,863.76 | 226.61 | | 0.00 | 0.00 | | 99.43 | 99.43 | 127.18 | $23 |
| Jan-12 | $23,736.58 | 226.61 | | 0.00 | 0.00 | | 98.90 | 98.90 | 127.71 | $23 |
| Feb-12 | $23,608.87 | 226.61 | | 0.00 | 0.00 | | 98.37 | 98.37 | 128.24 | $23 |
| Mar-12 | $23,480.63 | 226.61 | | 0.00 | 0.00 | | 97.84 | 97.84 | 128.77 | $23 |

PJULIAN2

| Month | Balance | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Apr-12 | $23,351.86 | 453.22 | | 0.00 | 0.00 | | 97.30 | 97.30 | 355.92 | $2 |
| May-12 | $22,995.94 | | | 0.00 | 0.00 | | 95.82 | 0.00 | -95.82 | $2 |
| Jun-12 | $23,091.75 | 226.61 | | 0.00 | 0.00 | | 96.22 | 96.22 | 130.39 | $2 |
| Jul-12 | $22,961.36 | 226.61 | | 0.00 | 0.00 | | 95.67 | 95.67 | 130.94 | $2 |
| Aug-12 | $22,830.42 | 226.61 | | 0.00 | 0.00 | | 95.13 | 95.13 | 131.48 | $2 |
| Sep-12 | $22,698.94 | 226.61 | | 0.00 | 0.00 | | 94.58 | 94.58 | 132.03 | $2 |
| Oct-12 | $22,566.91 | 226.61 | | 0.00 | 0.00 | | 94.03 | 94.03 | 132.58 | $2 |
| Nov-12 | $22,434.33 | 226.61 | | 0.00 | 0.00 | | 93.48 | 93.48 | 133.13 | $2 |
| Dec-12 | $22,301.19 | 226.61 | | 0.00 | 0.00 | | 92.92 | 92.92 | 133.69 | $2 |
| Jan-13 | $22,167.50 | 226.61 | | 0.00 | 0.00 | | 92.36 | 92.36 | 134.25 | $2 |
| Feb-13 | $22,033.26 | 226.61 | | 0.00 | 0.00 | | 91.81 | 91.81 | 134.80 | $2 |
| Mar-13 | $21,898.45 | 226.61 | | 0.00 | 0.00 | | 91.24 | 91.24 | 135.37 | $2 |
| Apr-13 | $21,763.09 | 226.61 | | 0.00 | 0.00 | | 90.68 | 90.68 | 135.93 | $2 |
| May-13 | $21,627.16 | 453.22 | | 0.00 | 0.00 | | 90.11 | 90.11 | 363.11 | $2 |
| Jun-13 | $21,264.05 | | | 0.00 | 0.00 | | 88.60 | 0.00 | -88.60 | $2 |
| Jul-13 | $21,352.65 | 226.61 | | 0.00 | 0.00 | | 88.97 | 88.97 | 137.64 | $2 |
| Aug-13 | $21,215.01 | 226.61 | | 0.00 | 0.00 | | 88.40 | 88.40 | 138.21 | $2 |
| Sep-13 | $21,076.80 | 226.61 | | 0.00 | 0.00 | | 87.82 | 87.82 | 138.79 | $2 |
| Oct-13 | $20,938.01 | 226.61 | | 0.00 | 0.00 | | 87.24 | 87.24 | 139.37 | $2 |
| Nov-13 | $20,798.64 | 226.61 | | 0.00 | 0.00 | | 86.66 | 86.66 | 139.95 | $2 |
| Dec-13 | $20,658.69 | 226.61 | | 0.00 | 0.00 | | 86.08 | 86.08 | 140.53 | $2 |
| Jan-14 | $20,518.16 | 453.22 | | 0.00 | 0.00 | | 85.49 | 85.49 | 367.73 | $2 |
| Feb-14 | $20,150.43 | | | 0.00 | 0.00 | | 83.96 | 0.00 | -83.96 | $2 |
| Mar-14 | $20,234.39 | 226.61 | | 0.00 | 0.00 | | 84.31 | 84.31 | 142.30 | $2 |
| Apr-14 | $20,092.09 | 226.61 | | 0.00 | 0.00 | | 83.72 | 83.72 | 142.89 | $1 |
| May-14 | $19,949.20 | 226.61 | | 0.00 | 0.00 | | 83.12 | 83.12 | 143.49 | $1 |
| Jun-14 | $19,805.71 | 226.61 | | 0.00 | 0.00 | | 82.52 | 82.52 | 144.09 | $1 |
| Jul-14 | $19,661.62 | 226.61 | | 0.00 | 0.00 | | 81.92 | 81.92 | 144.69 | $1 |
| Aug-14 | $19,516.93 | 226.61 | | 0.00 | 0.00 | | 81.32 | 81.32 | 145.29 | $1 |
| Sep-14 | $19,371.64 | 226.61 | | 0.00 | 0.00 | | 80.72 | 80.72 | 145.89 | $1 |
| Oct-14 | $19,225.75 | 453.22 | | 0.00 | 0.00 | | 80.11 | 80.11 | 373.11 | $1 |
| Nov-14 | $18,852.64 | | | 0.00 | 0.00 | | 78.55 | 0.00 | -78.55 | $1 |
| Dec-14 | $18,931.19 | 226.61 | | 0.00 | 0.00 | | 78.88 | 78.88 | 147.73 | $1 |
| Jan-15 | $18,783.46 | 226.61 | | 0.00 | 0.00 | | 78.26 | 78.26 | 148.35 | $1 |
| Feb-15 | $18,635.11 | 226.61 | | 0.00 | 0.00 | | 77.65 | 77.65 | 148.96 | $1 |
| Mar-15 | $18,486.15 | 226.61 | | 0.00 | 0.00 | | 77.03 | 77.03 | 149.58 | $1 |

```
JU2FN (NSD#)     JUSTICE INFORMATION MANAGEMENT SYSTEM     OCT 19, 2015(C1)
INT6510                    CIVIL CASE INTAKE                OPT: _____ -  INT
                        GENERAL PARTY INQUIRY               PAGE:   1 -    2

CASE NUM: 201431312__ PJN> __  TRANS NUM: _____ CURRENT COURT: 164 PUB? _
CASE TYPE: BREACH OF CONTRACT              CASE STATUS: DISPOSED (FINAL)
STYLE: KINSEY, ROSE GUIDRY              VS ANGEL MORTGAGE INCOME RESOURCES
==========================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME            PTY   ASSOC. ATTY
  NUM    NUMBER                                        STAT
_     00005-0001 DEF 24010071 JULIAN, PRESTON                GRAY, JAMES A
_     00005-0001 DPS          JULIAN, PRESTON
_     00004-0001 AGT          ANGEL MORTGAGE INCOME RESOURCE
_     00003-0001 DEF 24010071 JULIAN, PRESTON                GRAY, JAMES A
_     00003-0001 DPS          JULIAN, PRESTON
_     00002-0001 DEF 24010071 ANGEL MORTGAGE INCOME RESOURCE  GRAY, JAMES A
_     00002-0001 DPS          ANGEL MORTGAGE INCOM
_     00002-0001 PAD 00796559 FLOWERS, JOEL BENJAMIN III

==> (9) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.  3=ACT.ENTRY  4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD   8=FORWARD    9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JU2FN (NSD#)     JUSTICE INFORMATION MANAGEMENT SYSTEM     OCT 19, 2015(C1)
INT6510                   CIVIL CASE INTAKE              OPT: _____  -  INT
                       GENERAL PARTY INQUIRY            PAGE:   2  -    2

CASE NUM: 201431312__ PJN> __  TRANS NUM: _____ CURRENT COURT: 164 PUB? _
CASE TYPE: BREACH OF CONTRACT            CASE STATUS: DISPOSED (FINAL)
STYLE: KINSEY, ROSE GUIDRY               VS ANGEL MORTGAGE INCOME RESOURCES
=============================================================================
                    **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR       PERSON NAME             PTY    ASSOC. ATTY
  NUM   NUMBER                                         STAT
 _    00001-0001 PLT 24044647 KINSEY, ROSE GUIDRY            JAMISON, EDIT




==> (9) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```